# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHIRLEAN TUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) [On Removal from State |
| v. | ) Court of Gwinnett County |
| | ) Civil Action File No.17C 05249-4] |
| EASTSIDE MEDICAL CENTER, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"] ("Defendant") hereby removes the above-captioned action, filed by Plaintiff Shirlean Tuck ("Plaintiff") in the State Court of Gwinnett County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

## GROUNDS FOR REMOVAL

1.  Plaintiff commenced the action styled *Shirlean Tuck v. Eastside Medical Center,* Civil Action File No. 17C 05249-4 by filing a Complaint for Damages in the State Court of Gwinnett County, in the State of Georgia (the "State

Court Action") on August 22, 2017. *See* Complaint for Damages ("Complaint"), attached as **Exhibit "A"**.

2. In the Complaint, Plaintiff seeks damages from Defendant Eastside Medical Center, LLC as a result of a fall that occurred on or about August 23, 2015. *See* **Exh. A** at ¶ 5.

3. As set forth more fully below, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendant, and the matters in controversy, as alleged by Plaintiff, exceed the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. §§ 1441, 1446, and 1332; *see also* Exh. A at ¶ 19 ("WHEREFORE" clause).

4. Moreover, the United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5. Upon information and belief, at the time the Complaint was filed, Plaintiff was (and apparently still is) a resident of the State of Alabama such that she is a citizen of Alabama. *See Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken *prima facie* to be his domicile, until other facts establish the

contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6.   Defendant Eastside Medical Center, LLC is, and was at the commencement of this action, a limited liability company and holds the citizenship of its members for the purposes of diversity jurisdiction. *See generally Carden v. Arkoma Assocs.*, 494 U.S. 185, 185 (1990) ("This Court has firmly resisted extending the well-established rule treating corporations as 'citizens' to other artificial entities."); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding a limited liability company is a citizen of any state of which a member of the company is a citizen). Eastside Medical Center, LLC's sole member is EHCA, LLC. The sole member of EHCA, LLC is Atlanta Healthcare Management, L.P., which is owned by Health Service Partners, Inc. (limited partner) and Atlanta Market GP, Inc. (general partner). Thus, the citizenship of Eastside Medical Center, LLC is determined by the citizenship of Health Service Partners, Inc. and Atlanta Market GP, Inc. Health Service Partners, Inc. is, and was at the commencement of this action, a corporation organized and existing under the laws of the State of Nevada with its principal place of business in Nashville, Tennessee. *See* Nevada Secretary of State Business Entity Information, attached as **Exhibit "B"**. Atlanta Market GP, Inc. is,

and was at the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nashville, Tennessee. *See* Delaware Secretary of State Entity Details, attached as **Exhibit "C"**. Defendant Eastside Medical Center, LLC is therefore deemed a citizen of Delaware, Tennessee and Nevada for purposes of 28 U.S.C. §§ 1441 and 1332. *See* 28 U.S.C. § 1332(c).

7.  Defendant was served, via its registered agent, with a summons and a copy of the Complaint on August 22, 2017. *See* Summons and Service of Process Transmittal, attached as **Exhibit "D"**.

8.  Thus, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiff and Defendant.

9.  Defendant filed its Answer in the State Court Action on September 20, 2017. *See* Answer and Jury Demand, attached as **Exhibit "E"**. Because this Notice of Removal is being filed within 30 days of service of the initial pleadings to Defendant, it is timely pursuant to 28 U.S.C. § 1446(b).

10. In the Complaint, Plaintiff seeks "judgment against Defendant in an amount not to exceed $250,000.00 for general and special damages[.]" *See* **Exh. A** at ¶ 19 ("WHEREFORE" clause). Plaintiff specifically pled for damages in excess of $75,000.00. While Plaintiff only claims special damages in excess of

4

"$8,378.96", the Complaint also includes claims for mental and physical pain and suffering, disruption of normal life, acceleration of degenerative conditions and diminution in the enjoyment of life. *See* **Exh. A** at ¶ 18. Based on these claims, it is facially apparent from the Complaint that the jurisdictional requirement for removal to this Court is satisfied. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant are attached hereto. *See* **Exhibits A, D**. No orders have been served on Defendant as of the date of this filing, except the Standing Order included in **Exhibit A**.

12. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of Fulton County, in the State of Georgia, a copy of this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as **Exhibit "F"**.

13. Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of

citizenship between Plaintiff and Defendant the matters in controversy, as alleged by Plaintiff, exceed the sum or value of $75,000, exclusive of interest and costs.

14. Defendant demands a jury trial on all the issues so triable.

15. The filing fee of $400.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, Defendant Eastside Medical Center, LLC respectfully requests that the above-captioned action, filed by Plaintiff in the State Court of Gwinnett County, in the State of Georgia, be REMOVED to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.

Respectfully submitted and signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, on this 21st day of September, 2017, by:

WEINBERG WHEELER HUDGINS GUNN & DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700
(404) 875-9433 fax

/s/ Claire C. Murray
CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

/s/ Claire C. Murray
Claire C. Murray
Georgia Bar No. 225885

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served a true and correct copy of NOTICE OF REMOVAL upon all parties or their counsel of record to the Clerk of Court using the CM/ECF system.

Curtis L. Hubbard, Esq.
FRANKLIN AND HUBBARD
P.O. Box 50376
Atlanta, GA 30302

Todd E. Barbee, Esq.
THE BARBEE LAW FIRM, PC
P.O. Box 50606
Atlanta, GA 30302

This 21st day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN & DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA 30326
(404) 876-2700
(404) 875-9433 fax

/s/ Claire C. Murray
Claire C. Murray
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

8