# EXHIBIT A

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

2017 AUG 22  AM 11: 09

RICHARD ALEXANDER, CLERK

| | |
|---|---|
| SHIRLEAN TUCK )<br>Plaintiff )<br>)<br>v. )<br>)<br>EASTSIDE MEDICAL CENTER )<br>Defendant. ) | CIVIL ACTION<br><br>FILE NO: 17C  05249-4 |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, SHIRLEAN TUCK and states her Complaint against

Defendant, EASTSIDE MEDICAL CENTER as follows:

1.

Plaintiff is a resident of the State of Alabama and has been resident of the State of

Alabama at all times relevant to this case.

2.

Defendant is a domestic limited liability corporation with its principal office

located in Nashville, Tennessee; however it may be served with a copy of this Complaint

and Summons with its registered agent, CT Corporation System, located at , 289 South

Culver Street, Lawrenceville, Georgia 30046-4805.

3.

Defendant is subject to the jurisdiction of this Honorable Court, and venue is

proper in Gwinnett County, Georgia.

4.

The State Court of Gwinnett County, Georgia has jurisdiction over the subject

matter of this action.

5.

On August 23, 2015 Plaintiff Tuck was a licensee at Defendant Eastside Medical Center in Snellville, Georgia when she slipped and fell in a hospital hallway.

6.

On information and belief, hospital staff had recently mopped and/or cleaned the hospital hallway referenced in Paragraph Five of this Complaint.

7.

On information and belief, hospital staff neglected to notify visitors and/or licensees that the hallway had been recently cleaned.

8.

Defendant Eastside Medical Center had a duty to maintain safe premises for hospital visitors and licensees.

9.

Defendant had a duty to prevent willful or wanton injury to its visitors and licensees.

10.

Defendant breached its duty to maintain safe premises for hospital visitors and licensees.

11.

Defendant breached its duty to prevent willful or wanton injury to visitors and licensees.

12.

Defendant's breach of its duty to maintain safe premises is the proximate cause for Plaintiff's injuries in this accident.

13.

Defendant's breach of its duty to prevent willful or wanton injury is the proximate cause of the accident that resulted in Plaintiff's numerous damages.

14.

Defendant's breach of its duty to maintain safe premises is the actual cause for Plaintiff's injuries in this accident.

15.

Defendant's breach of its duty to prevent willful or wanton injury is the actual cause for Plaintiff's injuries in this accident.

16.

Plaintiff did nothing whatsoever to contribute to her injuries.

17.

Defendant was negligent in one or more of the following respects:

a) It failed to warn visitors and licensees of the obvious and/or potential hazardous condition caused by Defendant's employee/staff

b) It failed to notify visitors and licensees of the obvious and/or potential hazardous condition caused by Defendant's employee/staff; and/or

c) It failed to take any other action that would have allowed Plaintiff Tuck to avoid the incident, which forms the basis of this claim;

18.

As a direct and proximate result of the actions of Defendant, Plaintiff Tuck has incurred and sustained:

a) Multiple bodily injuries, including, but not limited to injuries to her leg, shoulders, and back;

b) Special damages consisting of past, present and future medical expenses in excess of $8,378.96;

c) General damages, including but not limited to, mental and physical pain and suffering, disruption of normal life, acceleration of degenerative conditions and diminution in the enjoyment of life; and

d) Incidental expenses.

19.

All of the injuries, losses, damages, past, present and prospective to Plaintiff Tuck were, are and will be due to the negligence and carelessness of Defendant.

**WHEREFORE,** Plaintiff Tuck hereby prays for the following:

a) That process issue and the Defendant be served as provided by law;

b) That the Plaintiff have a judgment against Defendant in an amount not to exceed $250,000.00 for general and special damages;

c) That all costs be taxed against Defendant; and

d) That this Honorable Court grant such other and further relief as it deems just

and proper.

Respectfully submitted this the 21st day of August, 2017.


Curtis L. Hubbard
Georgia Bar No.: 373322
Attorney for Plaintiff

Franklin and Hubbard
P.O. Box 50376
Atlanta, Georgia 30302
Tel: (404) 752-8484
chubbard@franklinandhubbard.com

Todd E. Barbee
Georgia Bar No.: 792159
Attorney for Plaintiff

The Barbee Law Firm, PC
P.O. Box 50606
Atlanta, Georgia 30302
Tel: (404) 855-3838
tbarbeelaw@gmail.com

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2017 AUG 22  AM 11: 09

RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA
### DIVISION 4

17C  05249-4

### STANDING ORDER IN ALL CIVIL CASES
### INSTRUCTIONS TO PARTIES AND COUNSEL

This order shall apply to all civil cases assigned to Judge Joseph C. Iannazzone. The

purpose of this Order is to inform the parties and their counsel of the Court's policies, practice

and procedure. It is issued to promote the just and efficient determination of the case. This

Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act shall

govern this case.

## CASE ADMINISTRATION

### 1. Contacting Chambers

Tammy Banks, our Civil Case Manager, is your principal point of contact on matters

relating to this case. Where possible, communication with Ms. Banks should be by telephone

(770-822-8547) or by-email (tammy.banks@gwinnettcounty.com). Documents sent by mail,

courier, and hand delivery should be addressed as follows:

> Ms. Tammy Banks
> Civil Case Manager – Division 4
> State Court of Gwinnett County
> 75 Langley Drive
> Lawrenceville, GA 30046

Any documents required to be filed in this case should be addressed and delivered to the Clerk

of State Court rather than Ms. Banks.

The Court's staff attorney is Debra Siegel. She can be reached by telephone (770-822-

8549) or e-mail (debra.siegel@gwinnettcounty.com). Neither the parties nor their counsel should

discuss the merits of the case with Ms. Banks or Ms. Siegel.

## 2. Courtesy Copies

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, electronically transmitted courtesy copies of substantive motions are appreciated.

## CASE MANAGEMENT

## 1. Extension of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolution. The Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause.

## 2. Conferences

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

## 3. Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his or her responsive pleading, an averment in his or her opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

## 4. Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke rote objections, i.e., attorney-client privilege, work product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these

2

objections. Moreover, general objections are disfavored, i.e., a party should avoid including in his or her response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection thereto - but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court. Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objections. Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

**5. Conduct During Depositions**

(a) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections, except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (8) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be

3

made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his or her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel shall not instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

(d) Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients shall not engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f) Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

(g) Depositions are limited to no more than seven hours of time on the record, exclusive of breaks.

## 6. Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses are due on or before the last day of the discovery period.

## 7. Extensions of the Discovery Period

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

## 8. Motions to Compel Discovery and Objections to Discovery

Prior to filing a motion to compel discovery, the movant, after conferring with the respondent in a good faith effort to resolve the dispute by agreement, should contact the Court's staff attorney and notify her that the movant seeks relief with respect to a discovery matter. Ordinarily, the Court's staff attorney will then schedule a conference call or meeting in which the Court will attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery.

## 9. Motions for Summary Judgment

All Motions for Summary Judgment should be filed within 30 days of the close of discovery.

## 10. Pretrial Orders

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.

The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified. In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, except to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All such identified exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

**11. Pretrial Conference and Motions in Limine**

Normally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to assist in settlement negotiations where appropriate. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial. Motions in Limine shall be filed before or at the pretrial conference. They will be argued and ruled upon no later than the first day of trial. Motions in Limine filed the day of trial will be reserved.

**12. Trial**

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Ms. Siegel, in Word or WordPerfect format, one (1) business day before the first day of trial. The original request to charge shall be filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury

Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

13. Technology

Most of our courtrooms are equipped with electronic equipment for use by counsel at trial. For more information about the equipment, please contact the Court's Civil Case Manager. It is the parties' responsibility to make sure they know how to use the equipment available, to have the cords necessary to hook up to the equipment and for insuring that the parties' equipment interfaces with the Court's technology.

SO ORDERED, this 25ᵗʰ day of _____September_____, 2016.

Joseph C. Iannazzone, Judge
State Court of Gwinnett County

7

# EXHIBIT B

# HEALTH SERVICE PARTNERS, INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 4/8/1998 |
| Type: | Domestic Corporation | Entity Number: | C7804-1998 |
| Qualifying State: | NV | List of Officers Due: | 4/30/2018 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19981192097 | Business License Exp: | 4/30/2018 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY OF NEVADA | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 1,000.00 |
| Par Share Count: | 1,000.00 | Par Share Value: | $ 1.00 |

## − Officers                                     ⁞ Include Inactive Officers

### Secretary - NATALIE H CLINE

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

### Director - JOHN M FRANCK II

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

### President - SAMUEL N HAZEN

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |

| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

**Director - SAMUEL N HAZEN**

| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

**Treasurer - J. WILLIAM B MORROW**

| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

**Director - CHRISTOPHER F WYATT**

| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

## − Actions\Amendments

| Action Type: | Articles of Incorporation | | |
| Document Number: | C7804-1998-001 | # of Pages: | 3 |
| File Date: | 4/8/1998 | Effective Date: | |

(No notes for this action)

| Action Type: | Initial List | | |
| Document Number: | C7804-1998-009 | # of Pages: | 2 |
| File Date: | 4/30/1998 | Effective Date: | |

(No notes for this action)

| Action Type: | Amendment | | |
| Document Number: | C7804-1998-003 | # of Pages: | 3 |
| File Date: | 2/26/1999 | Effective Date: | |

(3)PGS. MMR

NEVADA HOLDINGS, INC. MMRBK { 00001

| Action Type: | Annual List | | |
| Document Number: | C7804-1998-008 | # of Pages: | 1 |
| File Date: | 5/3/1999 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
| Document Number: | C7804-1998-010 | # of Pages: | 3 |
| File Date: | 4/28/2000 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |

|  | |
|---|---|
| File Date: | 5/7/2001 |
| Effective Date: | |

(No notes for this action)

| Action Type: | Registered Agent Change |
|---|---|

| Document Number: | C7804-1998-004 | # of Pages: | 1 |
|---|---|---|---|
| File Date: | 12/31/2001 | Effective Date: | |

**PRENTICE-HALL CORP. SYSTEM, NV.,THE #E**

**502 E. JOHN STREET CARSON CITY NV 89706 EJF**

| Action Type: | Annual List |
|---|---|

| Document Number: | C7804-1998-007 | # of Pages: | 3 |
|---|---|---|---|
| File Date: | 3/19/2002 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | C7804-1998-005 | # of Pages: | 3 |
|---|---|---|---|
| File Date: | 4/16/2003 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | C7804-1998-002 | # of Pages: | 3 |
|---|---|---|---|
| File Date: | 4/9/2004 | Effective Date: | |

List of Officers for 2004 to 2005

| Action Type: | Annual List |
|---|---|

| Document Number: | 20050134076-58 | # of Pages: | 3 |
|---|---|---|---|
| File Date: | 4/20/2005 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | 20060184907-87 | # of Pages: | 3 |
|---|---|---|---|
| File Date: | 3/23/2006 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | 20070120238-65 | # of Pages: | 1 |
|---|---|---|---|
| File Date: | 2/21/2007 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | 20080197897-61 | # of Pages: | 1 |
|---|---|---|---|
| File Date: | 3/24/2008 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | 20090187459-75 | # of Pages: | 1 |
|---|---|---|---|
| File Date: | 2/27/2009 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List |
|---|---|

| Document Number: | 20100179414-09 | # of Pages: | 1 |
|---|---|---|---|

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20110324165-95 | # of Pages: | 1 |
| File Date: | 4/29/2011 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20120279034-60 | # of Pages: | 2 |
| File Date: | 4/23/2012 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20130245362-48 | # of Pages: | 2 |
| File Date: | 4/12/2013 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20140266352-81 | # of Pages: | 2 |
| File Date: | 4/10/2014 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20150168383-97 | # of Pages: | 2 |
| File Date: | 4/14/2015 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20160181523-99 | # of Pages: | 2 |
| File Date: | 4/22/2016 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20170150799-81 | # of Pages: | 2 |
| File Date: | 4/6/2017 | Effective Date: | |

(No notes for this action)

# EXHIBIT C

Delaware.gov

Governor | General Assembly | Courts | Elected Officials | State Agencies

**Department of State: Division of Corporations**

Allowable Characters

<u>View Search Results</u>

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | | |
|---|---|---|---|
| File Number: | 2962158 | Incorporation Date / Formation Date: | 11/2/1998 (mm/dd/yyyy) |
| Entity Name: | ATLANTA MARKET GP, INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY | | |
| Address: | CORPORATION TRUST CENTER 1209 ORANGE ST | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19801 |
| Phone: | 302-658-7581 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ☐ Status ☐ Status,Tax & History Information [ Submit ]

[ Back to Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

# EXHIBIT D

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

SHIRLEAN TUCK

_____

_____

_____

PLAINTIFF

VS.

EASTSIDE MEDICAL CENTER

_____

_____

DEFENDANT

CIVIL ACTION
NUMBER:_____

**17C 05249-4**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff=s attorney, whose name and address is:

CURTIS L. HUBBARD, JR.
FRANKLIN & HUBBARD
P.O. BOX 50376
ATLANTA, GA. 30302

TODD E. BARBEE
THE BARBEE LAW FIRM
P.O. BOX 50606
ATLANTA, GA 30302

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____22ND_____ day of _____AUGUST_____, 20 _17_.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____Angela Lyles_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011 .

 CT Corporation

**Service of Process Transmittal**
08/22/2017
CT Log Number 531798857

TO: Kathy Gibson
HCA Inc.
1 Park Plz Bldg 1-2W
Nashville, TN 37203-6527

RE: **Process Served in Georgia**

FOR: Eastside Medical Center  (Assumed Name)  (Domestic State: GA)
Eastside Medical Center, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHIRLEAN TUCK, Pltf. vs. EASTSIDE MEDICAL CENTER, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Instructions |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 17C052494 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On August 23, 2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/22/2017 at 11:49 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Curtis L. Hubbard<br>Franklin and Hubbard<br>P.O. Box 50376<br>Atlanta, GA 30302<br>(404) 752-8484 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/22/2017, Expected Purge Date: 09/01/2017<br><br>Image SOP<br><br>Email Notification,  Kathy Gibson  kathy.gibson@hcahealthcare.com<br><br>Email Notification,  Shelia Odusote  Shelia.Odusote@hcahealthcare.com<br><br>Email Notification,  Lola Becton  Lola.Becton@hcahealthcare.com<br><br>Email Notification,  Leighann Ness  leighann.ness@hcahealthcare.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>289 S Culver St.<br>Lawrenceville, GA 30046-4805<br>866-286-4469 |

Page 1 of  1 / VS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT E



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2017 SEP 20  PM 2:17

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHIRLEAN TUCK,                    )
                                  )
        Plaintiff,                )
                                  )
v.                                )      Civil Action
                                  )      File No. 17C 05249-4
EASTSIDE MEDICAL CENTER,          )
                                  )
        Defendant.                )
                                  )

### ANSWER OF EASTSIDE MEDICAL CENTER, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"] ("Defendant"), Defendant in the above-styled matter, and hereby responds to Plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and should, therefore, be dismissed in whole or in part.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by her own contributory negligence, comparative negligence, and/or an assumption of the risk.

### THIRD DEFENSE

Plaintiff's knowledge of the alleged peril in question was equal to or greater than that of Defendant and, accordingly, Plaintiff's claims are barred.

### FOURTH DEFENSE

Plaintiff's claims for injuries are barred, in whole or in part, by Plaintiff's pre-existing injuries.

## FIFTH DEFENSE

No act or omission by any employee of this Defendant caused or contributed to the Plaintiff's alleged damages.

## SIXTH DEFENSE

This Defendant is improperly named.

## SEVENTH DEFENSE

Plaintiff's claims, either in whole or in part, are or may be barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the doctrines of laches, estoppel, and waiver.

## NINTH DEFENSE

Defendant hereby gives notice that it intends to rely upon other such affirmative defenses as may become apparent during the course of discovery, and thus reserves the right to amend this answer to assert any such defenses.

Without limiting or waiving any defenses previously raised or herewith raised, this Defendant answers the individually numbered Paragraphs of Plaintiff's Complaint for Damages as follows:

1.

Defendant is without information or knowledge sufficient for him to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages are admitted.

3.

Responding to the allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages, Defendant admits that it is subject to the jurisdiction of this Court and that venue is proper in Gwinnet County; however, jurisdiction and venue are also proper in the United States District Court for the Northern District of Georgia, Atlanta Division.

4.

Responding to the allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages, Defendant admits that the State Court of Gwinnett County and the United States District Court for the Northern District of Georgia, Atlanta Division have subject matter jurisdiction.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint for Damages are denied.

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages are denied.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint for Damages are denied.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint for Damages are admitted.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages are denied.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages are denied.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages are denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages are denied.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages are denied.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages are denied.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint for Damages, including subparagraphs (a) through (c), are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint for Damages, including subparagraphs (a) through (d), are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint for Damages are denied.

20.

Should the unnumbered paragraph beginning with "WHEREFORE," including sub-paragraphs (a) through (d), conceivably require a response, Defendant denies any and all such allegations, and further denies that Plaintiff is entitled to any of the relief prayed for therein.

21.

Any and all allegations, headings, prayers for relief or other statements in Plaintiff's Complaint for Damages which are not specifically admitted herein are hereby expressly denied.

**WHEREFORE,** having fully responded to the allegations of Plaintiff's Complaint for Damages, Defendant Eastside Medical Center, LLC respectfully prays as follows:

(a)     That it have a trial by jury of twelve;

(b)     That it has judgment entered in its favor;

(c)     That it be awarded costs against the Plaintiff; and

(d)     That it be awarded any and all such further relief as this Court deems just and proper.

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN & DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of ANSWER OF EASTSIDE MEDICAL CENTER, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES upon all parties or their counsel of record via U.S. Mail, First Class Postage pre-paid, to said parties or their counsel of record as follows:

Curtis L. Hubbard, Esq.
FRANKLIN AND HUBBARD
P.O. Box 50376
Atlanta, GA  30302

Todd E. Barbee, Esq.
THE BARBEE LAW FIRM, PC
P.O. Box 50606
Atlanta, GA  30302

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN
& DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

COPY

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2017 SEP 20 PM 2: 17

RICHARD ALEXANDER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEAN TUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 17C 05249-4 |
| EASTSIDE MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

### JURY DEMAND OF DEFENDANT EASTSIDE MEDICAL CENTER, LLC

COMES NOW Defendant Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"], Defendant in the above-styled action, and pursuant to the provisions of O.C.G.A. § 15-12-122(a)(2), as amended, hereby demands that this case be tried by a jury of twelve (12) persons as to all proper issues in the case.

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN
& DIAL

_Claire C. Murray_
CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day served a true and correct copy of JURY

DEMAND OF DEFENDANT EASTSIDE MEDICAL CENTER, LLC upon all parties or their

counsel of record via U.S. Mail, First Class Postage pre-paid, to said parties or their counsel of

record as follows:

Curtis L. Hubbard, Esq.
FRANKLIN AND HUBBARD
P.O. Box 50376
Atlanta, GA  30302

Todd E. Barbee, Esq.
THE BARBEE LAW FIRM, PC
P.O. Box 50606
Atlanta, GA  30302

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN
& DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical
Center, LLC*

# EXHIBIT F

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEAN TUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 17C 05249-4 |
| EASTSIDE MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, Defendant Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"] ("Defendant") has filed a Notice of Removal of the above-captioned action in the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.  Consistent with 28 U.S.C. § 1446(d), Plaintiff Shirlean Tuck is hereby notified of the filing of said Notice of Removal, a true and correct copy of which is attached hereto and fully incorporated herein as **Exhibit "1"**.

Respectfully submitted, this 21st day of September, 2017, by:

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC

Claire C. Murray
Georgia Bar No. 225885
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia  30326
Telephone:  404-876-2700
Facsimile:  (404) 875-9433
cmurray@wwhgd.com

*Attorney for Defendant Eastside Medical Center, LLC*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHIRLEAN TUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **[On Removal from State** |
| v. | ) | **Court of Gwinnett County** |
| | ) | **Civil Action File No.17C 05249-4]** |
| EASTSIDE MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"] ("Defendant") hereby removes the above-captioned action, filed by Plaintiff Shirlean Tuck ("Plaintiff") in the State Court of Gwinnett County, in the State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, respectfully showing the Court as follows:

## GROUNDS FOR REMOVAL

1.     Plaintiff commenced the action styled *Shirlean Tuck v. Eastside Medical Center,* Civil Action File No. 17C 05249-4 by filing a Complaint for Damages in the State Court of Gwinnett County, in the State of Georgia (the "State

Court Action") on August 22, 2017.  *See* Complaint for Damages ("Complaint"), attached as **Exhibit "A"**.

2.     In the Complaint, Plaintiff seeks damages from Defendant Eastside Medical Center, LLC as a result of a fall that occurred on or about August 23, 2015.  *See* **Exh. A** at ¶ 5.

3.     As set forth more fully below, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of citizenship between Plaintiff and Defendant, and the matters in controversy, as alleged by Plaintiff, exceed the sum or value of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1441, 1446, and 1332; *see also* Exh. A at ¶ 19 ("WHEREFORE" clause).

4.     Moreover, the United States District Court for the Northern District of Georgia, Atlanta Division, is the appropriate court for filing this Notice of Removal pursuant to 28 U.S.C. § 1446(a), as it is the district court for the district and division within which the State Court Action is pending.

5.     Upon information and belief, at the time the Complaint was filed, Plaintiff was (and apparently still is) a resident of the State of Alabama such that she is a citizen of Alabama.  *See Ennis v. Smith*, 55 U.S. 400, 423 (1852) ("Where a person lives, is taken *prima facie* to be his domicile, until other facts establish the

2

contrary."); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)

("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

6.      Defendant Eastside Medical Center, LLC is, and was at the

commencement of this action, a limited liability company and holds the citizenship

of its members for the purposes of diversity jurisdiction. *See generally Carden v.*

*Arkoma Assocs.*, 494 U.S. 185, 185 (1990) ("This Court has firmly resisted

extending the well-established rule treating corporations as 'citizens' to other

artificial entities."); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings*

*L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding a limited liability company

is a citizen of any state of which a member of the company is a citizen). Eastside

Medical Center, LLC's sole member is EHCA, LLC. The sole member of EHCA,

LLC is Atlanta Healthcare Management, L.P., which is owned by Health Service

Partners, Inc. (limited partner) and Atlanta Market GP, Inc. (general partner).

Thus, the citizenship of Eastside Medical Center, LLC is determined by the

citizenship of Health Service Partners, Inc. and Atlanta Market GP, Inc. Health

Service Partners, Inc. is, and was at the commencement of this action, a

corporation organized and existing under the laws of the State of Nevada with its

principal place of business in Nashville, Tennessee. *See* Nevada Secretary of State

Business Entity Information, attached as **Exhibit "B"**. Atlanta Market GP, Inc. is,

and was at the commencement of this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Nashville, Tennessee.  *See* Delaware Secretary of State Entity Details, attached as **Exhibit "C"**.   Defendant Eastside Medical Center, LLC is therefore deemed a citizen of Delaware, Tennessee and Nevada for purposes of 28 U.S.C. §§ 1441 and 1332.  *See* 28 U.S.C. § 1332(c).

7.     Defendant was served, via its registered agent, with a summons and a copy of the Complaint on August 22, 2017.  *See* Summons and Service of Process Transmittal, attached as **Exhibit "D"**.

8.     Thus, pursuant to 28 U.S.C. § 1332, there exists complete diversity of citizenship between Plaintiff and Defendant.

9.     Defendant filed its Answer in the State Court Action on September 20, 2017.  *See* Answer and Jury Demand, attached as **Exhibit "E"**.  Because this Notice of Removal is being filed within 30 days of service of the initial pleadings to Defendant, it is timely pursuant to 28 U.S.C. § 1446(b).

10.     In the Complaint, Plaintiff seeks "judgment against Defendant in an amount not to exceed $250,000.00 for general and special damages[.]" *See* **Exh. A** at ¶ 19 ("WHEREFORE" clause). Plaintiff specifically pled for damages in excess of $75,000.00.   While Plaintiff only claims special damages in excess of

"$8,378.96", the Complaint also includes claims for mental and physical pain and suffering, disruption of normal life, acceleration of degenerative conditions and diminution in the enjoyment of life. *See* **Exh. A** at ¶ 18. Based on these claims, it is facially apparent from the Complaint that the jurisdictional requirement for removal to this Court is satisfied. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1063 (11th Cir. 2010) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

11.    Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served on Defendant are attached hereto. *See* **Exhibits A, D**. No orders have been served on Defendant as of the date of this filing, except the Standing Order included in **Exhibit A**.

12.    Pursuant to 28 U.S.C. § 1446(d), Defendant will provide Plaintiff with written notice of the filing of this Notice of Removal and file with the Clerk of the State Court of Fulton County, in the State of Georgia, a copy of this Notice of Removal. *See* Notice of Filing Notice of Removal, attached as **Exhibit "F"**.

13.    Based on the foregoing, and pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, the State Court Action warrants removal to this Court because all procedural requirements for removal are satisfied, there exists complete diversity of

citizenship between Plaintiff and Defendant the matters in controversy, as alleged by Plaintiff, exceed the sum or value of $75,000, exclusive of interest and costs.

14.    Defendant demands a jury trial on all the issues so triable.

15.    The filing fee of $400.00 has been paid electronically into the registry of the United States District Court contemporaneously with the filing of this Notice.

WHEREFORE, Defendant Eastside Medical Center, LLC respectfully requests that the above-captioned action, filed by Plaintiff in the State Court of Gwinnett County, in the State of Georgia, be REMOVED to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1332.


Respectfully submitted and signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, on this 21st day of September, 2017, by:

WEINBERG   WHEELER   HUDGINS
GUNN
& DIAL

cmurray@wwhgd.com          /s/ Claire C. Murray
3344 Peachtree Rd           CLAIRE C. MURRAY
Suite 2400                  Georgia Bar No. 225885
Atlanta, GA  30326          *Attorney   for   Defendant   Eastside*
(404) 876-2700              *Medical Center, LLC*
(404) 875-9433 fax

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Pursuant to Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

/s/ Claire C. Murray
Claire C. Murray
Georgia Bar No. 225885

# EXHIBIT A

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2017 AUG 22  AM II: 09

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| SHIRLEAN TUCK | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO: 17C  05249-4 |
| EASTSIDE MEDICAL CENTER | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, SHIRLEAN TUCK and states her Complaint against Defendant, EASTSIDE MEDICAL CENTER as follows:

1.

Plaintiff is a resident of the State of Alabama and has been resident of the State of Alabama at all times relevant to this case.

2.

Defendant is a domestic limited liability corporation with its principal office located in Nashville, Tennessee; however it may be served with a copy of this Complaint and Summons with its registered agent, CT Corporation System, located at , 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

3.

Defendant is subject to the jurisdiction of this Honorable Court, and venue is proper in Gwinnett County, Georgia.

4.

The State Court of Gwinnett County, Georgia has jurisdiction over the subject matter of this action.

5.

On August 23, 2015 Plaintiff Tuck was a licensee at Defendant Eastside Medical Center in Snellville, Georgia when she slipped and fell in a hospital hallway.

6.

On information and belief, hospital staff had recently mopped and/or cleaned the hospital hallway referenced in Paragraph Five of this Complaint.

7.

On information and belief, hospital staff neglected to notify visitors and/or licensees that the hallway had been recently cleaned.

8.

Defendant Eastside Medical Center had a duty to maintain safe premises for hospital visitors and licensees.

9.

Defendant had a duty to prevent willful or wanton injury to its visitors and licensees.

10.

Defendant breached its duty to maintain safe premises for hospital visitors and licensees.

11.

Defendant breached its duty to prevent willful or wanton injury to visitors and licensees.

12.

Defendant's breach of its duty to maintain safe premises is the proximate cause for Plaintiff's injuries in this accident.

13.

Defendant's breach of its duty to prevent willful or wanton injury is the proximate cause of the accident that resulted in Plaintiff's numerous damages.

14.

Defendant's breach of its duty to maintain safe premises is the actual cause for Plaintiff's injuries in this accident.

15.

Defendant's breach of its duty to prevent willful or wanton injury is the actual cause for Plaintiff's injuries in this accident.

16.

Plaintiff did nothing whatsoever to contribute to her injuries.

17.

Defendant was negligent in one or more of the following respects:

a) It failed to warn visitors and licensees of the obvious and/or potential hazardous condition caused by Defendant's employee/staff

b) It failed to notify visitors and licensees of the obvious and/or potential hazardous condition caused by Defendant's employee/staff; and/or

c) It failed to take any other action that would have allowed Plaintiff Tuck to avoid the incident, which forms the basis of this claim;

18.

As a direct and proximate result of the actions of Defendant, Plaintiff Tuck has

incurred and sustained:

a)    Multiple bodily injuries, including, but not limited to injuries to her leg,

shoulders, and back;

b)    Special damages consisting of past, present and future medical expenses

in excess of $8,378.96;

c)    General damages, including but not limited to, mental and physical pain

and suffering, disruption of normal life, acceleration of degenerative

conditions and diminution in the enjoyment of life; and

d)    Incidental expenses.

19.

All of the injuries, losses, damages, past, present and prospective to Plaintiff Tuck

were, are and will be due to the negligence and carelessness of Defendant.

**WHEREFORE**, Plaintiff Tuck hereby prays for the following:

a)    That process issue and the Defendant be served as provided by law;

b)    That the Plaintiff have a judgment against Defendant in an amount not to

exceed $250,000.00 for general and special damages;

c)    That all costs be taxed against Defendant; and

    d)  That this Honorable Court grant such other and further relief as it deems just

        and proper.

Respectfully submitted this the 21st day of August, 2017.


Curtis L. Hubbard
Georgia Bar No.: 373322
Attorney for Plaintiff

Franklin and Hubbard
P.O. Box 50376
Atlanta, Georgia 30302
Tel: (404) 752-8484
chubbard@franklinandhubbard.com

Todd E. Barbee _by express permission_
Georgia Bar No.: 792159
Attorney for Plaintiff

The Barbee Law Firm, PC
P.O. Box 50606
Atlanta, Georgia 30302
Tel: (404) 855-3838
tbarbeelaw@gmail.com

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA
DIVISION 4

2017 AUG 22  AM 11: 09

RICHARD ALEXANDER, CLERK

STANDING ORDER IN ALL CIVIL CASES
INSTRUCTIONS TO PARTIES AND COUNSEL

17C  05249-4

This order shall apply to all civil cases assigned to Judge Joseph C. Iannazzone. The

purpose of this Order is to inform the parties and their counsel of the Court's policies, practice

and procedure. It is issued to promote the just and efficient determination of the case. This

Order, in combination with this Court's Local Rules and the Georgia Civil Practice Act shall

govern this case.

## CASE ADMINISTRATION

### 1. Contacting Chambers

Tammy Banks, our Civil Case Manager, is your principal point of contact on matters

relating to this case. Where possible, communication with Ms. Banks should be by telephone

(770-822-8547) or by-email (tammy.banks@gwinnettcounty.com). Documents sent by mail,

courier, and hand delivery should be addressed as follows:

> Ms. Tammy Banks
> Civil Case Manager – Division 4
> State Court of Gwinnett County
> 75 Langley Drive
> Lawrenceville, GA 30046

Any documents required to be filed in this case should be addressed and delivered to the Clerk

of State Court rather than Ms. Banks.

The Court's staff attorney is Debra Siegel. She can be reached by telephone (770-822-

8549) or e-mail (debra.siegel@gwinnettcounty.com). Neither the parties nor their counsel should

discuss the merits of the case with Ms. Banks or Ms. Siegel.

-1

## 2. Courtesy Copies

Parties are not required to forward courtesy copies of motions and other filings directly to chambers. However, in large cases, electronically-transmitted courtesy-copies-of-substantive motions are appreciated.

## CASE MANAGEMENT

### 1. Extension of Time

The Court, along with counsel for the parties, is responsible for processing cases toward prompt and just resolution. The Court seeks to set reasonable but firm deadlines. Motions for extensions, whether opposed, unopposed or by consent, will be granted only upon a showing of good cause.

### 2. Conferences

Scheduling, discovery, pre-trial and settlement conferences promote the speedy, just and efficient resolution of cases. Therefore, the Court encourages the parties to request a conference when counsel believes that a conference will be helpful and counsel has specific goals and an agenda for the conference.

### 3. Candor in Responsive Pleadings

In accordance with O.C.G.A. § 9-11-8 (b), a party's responsive pleading must admit or deny the averments of the adverse party's pleading. A party may not deny, in his or her responsive pleading, an averment in his or her opponent's pleading on the grounds that the averment raises a matter of law rather than fact.

### 4. Discovery Responses - Boilerplate and General Objections

Boilerplate objections in response to discovery requests are strongly discouraged. Parties should not carelessly invoke rote objections, i.e., attorney-client privilege, work product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, unless the responding party has a valid basis for these

2

objections. Moreover, general objections are disfavored, i.e., a party should avoid including in his or her response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery, e.g., the attorney-client privilege, the work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request should be met with every specific objection thereto – but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request. All such general objections may be disregarded by the Court. Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete. For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows" unless the party expressly indicates whether additional information would have been included in the response but for the objections. Evidence introduced at trial which was requested but not disclosed during the discovery period will not be admitted.

5. Conduct During Depositions

(a) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions or explanations of any words, questions or documents presented during the course of the deposition. The witness shall abide by these instructions.

(b) All objections, except those that would be waived if not made at the deposition under O.C.G.A. § 9-11-32 (d) (3) (8) and those necessary to assert a privilege or to present a motion pursuant to O.C.G.A. § 9-11-30 (d), shall be preserved. Therefore, those objections need not be

made during the course of depositions. If counsel defending a deposition feels compelled to make objections during depositions, he or she should limit the objections to only "objection to form." Defending counsel should only elaborate on his or her objection upon the request of deposing counsel. Defending counsel should avoid speaking objections except in extraordinary circumstances.

(c) Counsel shall not instruct a witness not to answer a question unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the Court.

(d) Counsel shall not make objections or statements that might suggest an answer to a witness. Counsel's statements when making objections should be succinct, stating the basis of the objection and nothing more.

(e) Counsel and their witness-clients shall not engage in private off-the-record conferences during depositions or during breaks regarding any of counsel's questions or the witness's answers, except for the purpose of deciding whether to assert a privilege. Any conferences that occur pursuant to, or in violation of, this rule are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what. Any conferences that occur pursuant to, or in violation of, this rule shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(f) Deposing counsel shall provide to the witness's counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness's counsel do not have the right to discuss documents privately before the witness answers questions about them.

4

(g) Depositions are limited to no more than seven hours of time on the record, exclusive of breaks.

## 6. Serving Discovery Prior to Expiration of the Discovery Period

All discovery requests must be served early enough so that the responses are due on or before the last day of the discovery period.

## 7. Extensions of the Discovery Period

Motions requesting an extension of the discovery period must be made prior to the expiration of the existing discovery period, and such motions ordinarily will be granted only in cases where good cause is shown.

## 8. Motions to Compel Discovery and Objections to Discovery

Prior to filing a motion to compel discovery, the movant, after conferring with the respondent in a good faith effort to resolve the dispute by agreement, should contact the Court's staff attorney and notify her that the movant seeks relief with respect to a discovery matter. Ordinarily, the Court's staff attorney will then schedule a conference call or meeting in which the Court will attempt to resolve the matter without the necessity of a formal motion. This process shall not apply to post-judgment discovery.

## 9. Motions for Summary Judgment

All Motions for Summary Judgment should be filed within 30 days of the close of discovery.

## 10. Pretrial Orders

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified.

The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims. The exhibits intended to be introduced at trial shall be specifically identified. In listing witnesses or exhibits, a party may not reserve the right to supplement his list, nor should a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, except to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All such identified exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

## 11. Pretrial Conference and Motions in Limine

Normally, the Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to assist in settlement negotiations where appropriate. The parties will be required at the pretrial conference to identify the specific witnesses they will call in their case in chief at trial. Motions in Limine shall be filed before or at the pretrial conference. They will be argued and ruled upon no later than the first day of trial. Motions in Limine filed the day of trial will be reserved.

## 12. Trial

Requests to charge and proposed verdict forms are required to be submitted to the Court, via email to Ms. Siegel, in Word or WordPerfect format, one (1) business day before the first day of trial. The original request to charge shall be filed with the Clerk of Court. The Court has a standard charge in civil cases covering subjects such as the standard of proof, experts and witness credibility. The Court encourages the parties to refer to the Suggested Pattern Jury

6

Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a

pattern charge must contain citations to the legal authorities supporting the charge requested.

13. Technology

Most of our courtrooms are equipped with electronic equipment for use by counsel at trial.

For more information about the equipment, please contact the Court's Civil Case Manager. It is

the parties' responsibility to make sure they know how to use the equipment available, to have

the cords necessary to hook up to the equipment and for insuring that the parties' equipment

interfaces with the Court's technology.

SO ORDERED, this _25th_ day of _September_ ,2016.

Joseph C. Iannazzone, Judge
State Court of Gwinnett County

7

# EXHIBIT B

# HEALTH SERVICE PARTNERS, INC.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 4/8/1998 |
| Type: | Domestic Corporation | Entity Number: | C7804-1998 |
| Qualifying State: | NV | List of Officers Due: | 4/30/2018 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19981192097 | Business License Exp: | 4/30/2018 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | THE CORPORATION TRUST COMPANY OF NEVADA | Address 1: | 701 S CARSON ST STE 200 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 1,000.00 |
| Par Share Count: | 1,000.00 | Par Share Value: | $ 1.00 |

## — Officers                                    ☐ Include Inactive Officers

### Secretary - NATALIE H CLINE

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

### Director - JOHN M FRANCK II

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

### President - SAMUEL N HAZEN

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |

| | | | |
|---|---|---|---|
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

**Director - SAMUEL N HAZEN**

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

**Treasurer - J. WILLIAM B MORROW**

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

**Director - CHRISTOPHER F WYATT**

| | | | |
|---|---|---|---|
| Address 1: | ONE PARK PLAZA | Address 2: | |
| City: | NASHVILLE | State: | TN |
| Zip Code: | 37203 | Country: | |
| Status: | Active | Email: | |

## — | Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Incorporation | | |
| Document Number: | C7804-1998-001 | # of Pages: | 3 |
| File Date: | 4/8/1998 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Initial List | | |
| Document Number: | C7804-1998-009 | # of Pages: | 2 |
| File Date: | 4/30/1998 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Amendment | | |
| Document Number: | C7804-1998-003 | # of Pages: | 3 |
| File Date: | 2/26/1999 | Effective Date: | |

(3)PGS. MMR

NEVADA HOLDINGS, INC. MMRBK { 00001

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | C7804-1998-008 | # of Pages: | 1 |
| File Date: | 5/3/1999 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | C7804-1998-010 | # of Pages: | 3 |
| File Date: | 4/28/2000 | Effective Date: | |

(No notes for this action)

| | |
|---|---|
| Action Type: | Annual List |

| Document Number: | C7804-1998-006 | # of Pages: | 3 |
|---|---|---|---|
| File Date: | 5/7/2001 | Effective Date: | |

(No notes for this action)

| Action Type: | Registered Agent Change | | |
|---|---|---|---|
| Document Number: | C7804-1998-004 | # of Pages: | 1 |
| File Date: | 12/31/2001 | Effective Date: | |

PRENTICE-HALL CORP. SYSTEM, NV.,THE #E

502 E. JOHN STREET CARSON CITY NV 89706 EJF

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C7804-1998-007 | # of Pages: | 3 |
| File Date: | 3/19/2002 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C7804-1998-005 | # of Pages: | 3 |
| File Date: | 4/16/2003 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | C7804-1998-002 | # of Pages: | 3 |
| File Date: | 4/9/2004 | Effective Date: | |

List of Officers for 2004 to 2005

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20050134076-58 | # of Pages: | 3 |
| File Date: | 4/20/2005 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20060184907-87 | # of Pages: | 3 |
| File Date: | 3/23/2006 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20070120238-65 | # of Pages: | 1 |
| File Date: | 2/21/2007 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20080197897-61 | # of Pages: | 1 |
| File Date: | 3/24/2008 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20090187459-75 | # of Pages: | 1 |
| File Date: | 2/27/2009 | Effective Date: | |

(No notes for this action)

| Action Type: | Annual List | | |
|---|---|---|---|
| Document Number: | 20100179414-09 | # of Pages: | 1 |

| | | | |
|---|---|---|---|
| File Date: | 3/23/2010 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20110324165-95 | # of Pages: | 1 |
| File Date: | 4/29/2011 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20120279034-60 | # of Pages: | 2 |
| File Date: | 4/23/2012 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20130245362-48 | # of Pages: | 2 |
| File Date: | 4/12/2013 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20140266352-81 | # of Pages: | 2 |
| File Date: | 4/10/2014 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20150168383-97 | # of Pages: | 2 |
| File Date: | 4/14/2015 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20160181523-99 | # of Pages: | 2 |
| File Date: | 4/22/2016 | Effective Date: | |

(No notes for this action)

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20170150799-81 | # of Pages: | 2 |
| File Date: | 4/6/2017 | Effective Date: | |

(No notes for this action)

# EXHIBIT C

Division of Corporations - Filing

Delaware.gov               Governor | General Assembly | Courts | Elected Officials | State Agencies

Department of State: Division of Corporations

Allowable Characters

**HOME**
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

**SERVICES**
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
Entity Search
Status
Validate Certificate
Customer Service Survey

**INFORMATION**
Corporate Forms
Corporate Fees
UCC Forms and Fees
Taxes
Expedited Services
Service of Process
Registered Agents
GetCorporate Status
Submitting a Request
How to Form a New Business Entity
Certifications, Apostilles & Authentication of Documents

View Search Results

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| | | |
|---|---|---|
| File Number: | 2962158 | Incorporation Date / **11/2/1998** |
| | | Formation Date: (mm/dd/yyyy) |
| Entity Name: | **ATLANTA MARKET GP, INC.** | |
| Entity Kind: | Corporation | Entity Type: **General** |
| Residency: | Domestic | State: **DELAWARE** |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE ST** |
| City: | **WILMINGTON**     County: **New Castle** |
| State: | **DE**     Postal Code: **19801** |
| Phone: | **302-658-7581** |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like   ○ Status   ○ Status,Tax & History Information   [Submit]

[Back to Entity Search]

For help on a particular field click on the Field Tag to take you to the help area.

site map  |  privacy  |  about this site  |  contact us  |  translate  |  delaware.gov

# EXHIBIT D

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

SHIRLEAN TUCK

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____

**17C 05249-4**

VS.

EASTSIDE MEDICAL CENTER

_____

_____

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff=s attorney, whose name and address is:

CURTIS L. HUBBARD, JR.
FRANKLIN & HUBBARD
P.O. BOX 50376
ATLANTA, GA. 30302

TODD E. BARBEE
THE BARBEE LAW FIRM
P.O. BOX 50606
ATLANTA, GA 30302

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ___22ND___ day of ___AUGUST___, 20 _17_.

Richard T. Alexander, Jr.,
Clerk of State Court

By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011 .

 CT Corporation

**Service of Process Transmittal**
08/22/2017
CT Log Number 531798857

**TO:**     Kathy Gibson
            HCA Inc.
            1 Park Plz Bldg 1-2W
            Nashville, TN 37203-6527

**RE:**     **Process Served in Georgia**

**FOR:**    Eastside Medical Center  (Assumed Name)  (Domestic State: GA)
            Eastside Medical Center, LLC (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHIRLEAN TUCK, Pltf. vs. EASTSIDE MEDICAL CENTER, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Instructions |
| **COURT/AGENCY:** | Gwinnett County State Court, GA<br>Case # 17C052494 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On August 23, 2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/22/2017 at 11:49 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this summons upon you, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Curtis L. Hubbard<br>Franklin and Hubbard<br>P.O. Box 50376<br>Atlanta, GA 30302<br>(404) 752-8484 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/22/2017, Expected Purge Date: 09/01/2017<br><br>Image SOP<br><br>Email Notification,  Kathy Gibson  kathy.gibson@hcahealthcare.com<br><br>Email Notification,  Shelia Odusote  Shelia.Odusote@hcahealthcare.com<br><br>Email Notification,  Lola Becton  Lola.Becton@hcahealthcare.com<br><br>Email Notification,  Leighann Ness  Leighann.ness@hcahealthcare.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>289 S Culver St.<br>Lawrenceville, GA 30046-4805<br>866-286-4469 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# EXHIBIT E

COPY

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2017 SEP 20  PM 2: 17

___RD ALEXANDER, CLERK

| | | |
|---|---|---|
| SHIRLEAN TUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | File No. 17C 05249-4 |
| EASTSIDE MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER OF EASTSIDE MEDICAL CENTER, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COMES NOW, Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"] ("Defendant"), Defendant in the above-styled matter, and hereby responds to Plaintiff's Complaint for Damages as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted and should, therefore, be dismissed in whole or in part.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by her own contributory negligence, comparative negligence, and/or an assumption of the risk.

### THIRD DEFENSE

Plaintiff's knowledge of the alleged peril in question was equal to or greater than that of Defendant and, accordingly, Plaintiff's claims are barred.

### FOURTH DEFENSE

Plaintiff's claims for injuries are barred, in whole or in part, by Plaintiff's pre-existing injuries.

## FIFTH DEFENSE

No act or omission by any employee of this Defendant caused or contributed to the Plaintiff's alleged damages.

## SIXTH DEFENSE

This Defendant is improperly named.

## SEVENTH DEFENSE

Plaintiff's claims, either in whole or in part, are or may be barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Plaintiff's claims may be barred by the doctrines of laches, estoppel, and waiver.

## NINTH DEFENSE

Defendant hereby gives notice that it intends to rely upon other such affirmative defenses as may become apparent during the course of discovery, and thus reserves the right to amend this answer to assert any such defenses.

Without limiting or waiving any defenses previously raised or herewith raised, this Defendant answers the individually numbered Paragraphs of Plaintiff's Complaint for Damages as follows:

1.

Defendant is without information or knowledge sufficient for him to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint for Damages, including subparagraphs (a) through (c), are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint for Damages, including subparagraphs (a) through (d), are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint for Damages are denied.

20.

Should the unnumbered paragraph beginning with "WHEREFORE," including sub-paragraphs (a) through (d), conceivably require a response, Defendant denies any and all such allegations, and further denies that Plaintiff is entitled to any of the relief prayed for therein.

21.

Any and all allegations, headings, prayers for relief or other statements in Plaintiff's Complaint for Damages which are not specifically admitted herein are hereby expressly denied.

**WHEREFORE,** having fully responded to the allegations of Plaintiff's Complaint for Damages, Defendant Eastside Medical Center, LLC respectfully prays as follows:

(a)     That it have a trial by jury of twelve;

(b)     That it has judgment entered in its favor;

(c)     That it be awarded costs against the Plaintiff; and

(d)     That it be awarded any and all such further relief as this Court deems just and proper.

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN & DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of ANSWER OF EASTSIDE MEDICAL CENTER, LLC TO PLAINTIFF'S COMPLAINT FOR DAMAGES upon all parties or their counsel of record via U.S. Mail, First Class Postage pre-paid, to said parties or their counsel of record as follows:

Curtis L. Hubbard, Esq.
FRANKLIN AND HUBBARD
P.O. Box 50376
Atlanta, GA  30302

Todd E. Barbee, Esq.
THE BARBEE LAW FIRM, PC
P.O. Box 50606
Atlanta, GA  30302

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN & DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

- 7 -

COPY

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2017 SEP 20  PH 2: 17

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

SHIRLEAN TUCK,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )       Civil Action
                                        )       File No. 17C 05249-4
EASTSIDE MEDICAL CENTER,                )
                                        )
        Defendant.                      )

### JURY DEMAND OF DEFENDANT EASTSIDE MEDICAL CENTER, LLC

COMES NOW Defendant Eastside Medical Center, LLC [improperly denominated as "Eastside Medical Center"], Defendant in the above-styled action, and pursuant to the provisions of O.C.G.A. § 15-12-122(a)(2), as amended, hereby demands that this case be tried by a jury of twelve (12) persons as to all proper issues in the case.

This 20th day of September, 2017.

                                        WEINBERG WHEELER HUDGINS GUNN
                                        & DIAL

                                        _Claire C. Murray_

                                        CLAIRE C. MURRAY
                                        Georgia Bar No. 225885
                                        *Attorney for Defendant Eastside Medical*
                                        *Center, LLC*

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA 30326
(404) 876-2700

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of JURY DEMAND OF DEFENDANT EASTSIDE MEDICAL CENTER, LLC upon all parties or their counsel of record via U.S. Mail, First Class Postage pre-paid, to said parties or their counsel of record as follows:

Curtis L. Hubbard, Esq.
FRANKLIN AND HUBBARD
P.O. Box 50376
Atlanta, GA  30302

Todd E. Barbee, Esq.
THE BARBEE LAW FIRM, PC
P.O. Box 50606
Atlanta, GA  30302

This 20th day of September, 2017.

WEINBERG WHEELER HUDGINS GUNN & DIAL

cmurray@wwhgd.com
3344 Peachtree Rd
Suite 2400
Atlanta, GA  30326
(404) 876-2700

CLAIRE C. MURRAY
Georgia Bar No. 225885
*Attorney for Defendant Eastside Medical Center, LLC*

- 2 -